

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2002

# Conery v. Niccollai

Precedential or Non-Precedential:

Docket No. 01-3065

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Conery v. Niccollai" (2002). *2002 Decisions.* Paper 245.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/245

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3065


WILLIAM J. CONERY; FRANK A. FUSCO; KENNETH BURDGE

v.

JOHN NICCOLLAI, JR., individually and in his official capacity as President
 of Local 464A, Food and Commercial Workers Union, AFL-CIO;
RAMON RANDO, individually and in his official capacity as Secretary-Treasurer
of Local 464A; GRIFF MCELROY, individually and in his capacity as Recorder
of Local 464A; GEORGE PLESA, individually and in his official capacity as
Chairman of the Executive Board of Local 464A; FRANK HANLEY, individually
and in his official capacity as Contract Administrator; FRANK DICHRISTINA;
DONALD LIGON; WILLIAM WRIKER, individually and in their official capacities
as Business Agents of Local 464A; UNITED FOOD COMMERCIAL WORKERS
 UNION, AFL-CIO; SHOPRITE SUPERMARKETS, INC.;WALTER BIERNACKI,
individually and in his official capacity as Vice President of Local 464A; WAYNE
WILLIAMS, individually and in his capacity as Director - Pension & Prescription
Benefits of Local 464A; JOHN T. NICCOLAI, SR., individually and in his capacity
as Trustee of the Local 464A Pension Fund; LOCAL 464A, UNITED FOOD AND
 COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO; LOCAL 464A
 PENSION FUND ADMINISTRATOR AND BOARD OF TRUSTEES; MARTIN
QUINN, in their capacity as administrators and trustees of the Local 464A Pension Fund;
GILBERT C. VUOLO, in their capacity as administrators and trustees of the
Local 464A Pension Fund; DEWEY CANNELLA, in their capacity as administrators
and trustees of the Local 464A Pension Fund; ISADORE ZALKIN, in their capacity
 as administrators and trustees of the Local 464A Pension Fund

v.

 JOHN NICCOLLAI, JR.; RAMON RANDO; GRIFF MCELROY; GEORGE PLESA;
 FRANK HANLEY; FRANK DICHRISTINA; DONALD LIGON; WILLIAM WRIKER;
WAYNE WILLIAMS; JOHN T. NICCOLAI, SR.; MARTIN QUINN; GILBERT C.
    VUOLO; DEWEY CANNELLA; ISADORE ZALKIN; WALTER BIERNACKI,

Third Party Plaintiffs

v.

HAROLD KRIEGER, The Estate of Harold Krieger; STEPHANIE KRIEGER;
 LOWELL HARDWOOD, as Executors of the Estate of Harold Krieger,

Third Party Defendants

(D.C. No. 92-cv-00840)

FRANK A. FUSCO; KENNETH BURDGE

v.

JOHN T. NICCOLAI, JR., individually and in his capacity as President of local 464A,

United Food and Commercial Workers International Union, and as Trustee of the Local 464A Pension Fund; RAMON RANDO, individually and in his capacity as Secretary-Treasurer of Local 464A and as Trustee of the Local 464A Pension Fund; GRIFF MCELROY, individaully and in his capacity as Recorder of Local 464A; FRANK HANLEY, individually and in his capacity as Contract Administrator of Local 464A; WAYNE WILLIAMS, individually and in his capacity as Director - Pension & Prescription Benefits of Local 464A; JOHN T. NICCOLAI, SR., individually and in his capacity as Trustee of the Local 464A Pension Fund; LOCAL 464A, UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL-CIO; LOCAL 464A PENSION FUND ADMINISTRATOR AND BOARD OF TRUSTEES; WALTER BIERNACKI, individually and in his capacity as Vice President of Local 464A and as Trustee of the Local 464A Pension Fund; MARTIN QUINN, in their capacity as administrators and trustees of the Local 464A Pension Fund; GILBERT C. VUOLO, in their capacity as administrators and trustees of the Local 464A Pension Fund; DEWEY CANNELLA, in their capacity as administrators and trustees of the Local 464A Pension Fund; ISADORE ZALKIN, in their capacity as administrators and trustees of the Local 464A Pension Fund

(D.C. No. 92-cv-01458)

Kenneth Burdge,
Appellant


Appeal from the United States District Court
for the District of New Jersey, Newark
(D.C. Civ. Nos. 92-CV-840 & 92-CV-1458)


Before: SCIRICA and COWEN, Circuit Judges,
RESTANI, Judge, United States Court of International Trade

(Filed: April 4, 2002)


OPINION


RESTANI, Judge:

Kenneth Burdge appeals the final judgment of the District Court of September 27, 2001, granting summary judgment to defendants on all of Burdge's claims relating to Local 464A, Food and Commercial Workers International Union, AFL-CIO, ("Local 464A"), and adopting the reports and recommendations of Magistrate Judge G. Donald Haneke, including those of February 25 and 26, 1998. Burdge's claims in the District Court were consolidated with those of William Conery and Frank Fusco against Local 464A.

FACTS

Plaintiff Kenneth Burdge became a member of Local 464A in November 1952. Burdge's membership was suspended from February 1953 to July 1956, when he was reinstated. From January 1, 1963 to April 30, 1978, Burdge worked for employers who had collective bargaining agreements with Local 464A. Those employers contributed to the Pension Plan for Full-Time members of Local 464A ("the pension plan"). In the years 1965, 1966, 1975, 1976 and 1978, Burdge worked fewer than 50 weeks per year.

In 1978, Burdge withdrew from the union again because he moved out of state and worked for employers without collective bargaining agreements with Local 464A. Upon his return to New Jersey in 1982, Local 464A reinstated his membership. Burdge's union membership continued from 1982 until his retirement in June, 1993. During this time Burdge worked for employers who contributed to the pension plan.

Burdge ran for the office of Local 464A president in 1989 and for the office of secretary/treasurer in 1992. Burdge actively campaigned in connection with these elections. Nevertheless, Burdge lost to the incumbents by a large margin.

In 1987, Burdge apparently began to contemplate his retirement. He began requesting information regarding the amount of his pension benefits. On several occasions following verbal requests for information, Burdge received copies of the Pension Summary Plan Description, status letters, and verbal accounts of his estimated pension benefit amount.

On two occasions, Burdge's attorney wrote to the pension plan requesting supporting pension information. Citing the lack of authorization from Burdge to disclose his information to a third party, the plan refused to give Burdge's attorney the pension information. Instead, the plan's director of pension benefits, Wayne F. Williams, responded to Burdge directly. Then, in response to the second request from Burdge's attorney, Williams wrote to the attorney explaining that the Plan would not provide pension information to third parties without written authorization from the participant.

On November 28, 1992, Burdge made a written request for documents pertaining to the pension plan and a request for a hearing on the amount of his pension. A hearing was held but Burdge and his attorney left before its conclusion. On December 15, 1992, the pension plan sent Burdge a pension plan application, a letter of instruction, a copy of the collective bargaining agreement, a current summary of plan description, a plan document, a declaration of Trust Agreement and a complete annual report for 1991.

Burdge decided that he would retire on March 1, 1993. Prior to that date, he submitted the appropriate paper work including an application. The Plan calculated his pension and sent him a check for $601.15. Burdge changed his mind, however, and opted to continue working. Accordingly, he sent the check back to the pension plan uncashed. Then, Burdge through his attorney, advised the plan that he would retire on July 1, 1993. The pension plan modified the application he submitted previously and his pension benefits were recalculated. On July 1, 1993, Burdge retired and he received a pension check for $614.05. Since then, he has received a check for that amount each month.

The director of pension benefits calculated Burdge's monthly benefit amount. A consultant to the pension plan certified the calculation. When calculating Burdge's monthly benefit amount, they accounted for the breaks in union membership over Burdge's career and the years when Burdge's employer contributed to the plan for fewer than 50 weeks. On the other hand, Burdge and his attorney calculated Burdge's pension themselves and they believe that the monthly benefit amount should be approximately $850.00. Burdge, however, submitted no expert report verifying his calculation. Burdge testified at his deposition that he believes that he is entitled to that amount because other retired union members received similar amounts.

## DISCUSSION

With respect to Burdge's claims as to his pension calculation, as stated in Report I, Burdge produced no expert opinion as to any statements related to plan documents to support his claim of a retaliatory miscalculated pension violative of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 et seq., or of 101(a)(1) and (2) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. 411(a)(1), (2). Burdge's calculations apparently included periods during which he was not a union member and may have included other errors. Burdge's claim based on delay in disclosure of pension information also fails essentially for the reasons stated in Report I. Later clarification of unsettled law does not render the union's reasonable decisions of the time unreasonable. Further, although the union was overly cautious and may have been wrong in requiring specific authorization for release of pension information to a member's attorney, Burdge and his attorney received everything that was of any relevance far in advance of his retirement. Burdge established no prejudice from the fact that his attorney did not receive documentation within certain time limits. The District Court did not err in adopting Report I as to all of Burdge's pension related claims, and denying relief on such claims.

Burdge's claims under 29 U.S.C. 501 relating to Local 464's breach of contract action against co-plaintiff Fusco are also without merit for essentially the reasons stated in Magistrate Judge's Report and Recommendation of February 26, 1998. The judgment of the District Court was affirmed in this regard in the related appeal brought by Frank Fusco.

Appellees motion to strike points I and II of appellant's opening brief is granted. Appellant did not preserve these issues for appeal and exceptional circumstances do not warrant their consideration. For the same reasons, part I, subparts 1, 2, and 3 of appellant's reply brief and the brief of Frank Fusco are stricken.

For purposes of this case, this moots the issue of whether the statements contained therein, which reflect upon appellee's counsel, should be stricken because they are false. We decline to award sanctions, although appellant's counsel's statements seem to be an intemperate characterization of what appears to be a dispute as to the meaning of a statute.

The remainder of appellant's arguments are without merit.

The District Court's judgment in favor of defendants will be AFFIRMED.

————

TO THE CLERK:

Please file the foregoing opinion.

/s/ Jane A. Restani
Judge

DATED: April 4, 2002